UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYREE AUSTIN,

       Petitioner,

                                        Case Number 16-13408

v.                                         Honorable David M. Lawson

SHERMAN CAMPBELL,

       Respondent.

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE

On September 16, 2016, the petitioner, Tyree Austin, presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On that same day he filed a motion to stay and hold the petition in abeyance, so that he might return to state court to exhaust additional claims. The Court has reviewed the petitioner's motion and finds that the request to hold the petition in abeyance is lawful and should be allowed. The Court therefore will grant the motion.

I.

After a jury trial in the Genesee County, Michigan circuit court, the petitioner was convicted of second-degree murder, carrying a concealed weapon, possession of a weapon during the commission of a felony (felony-firearm), and possession of marijuana. He was sentenced to concurrent terms of 300 to 360 months in prison for second-degree murder, 24 to 60 months for carrying a concealed weapon, and one day for possession of marijuana, and a concurrent term of two years in prison on the felony-firearm count. The Michigan Court of Appeals affirmed the petitioner's conviction, *People v. Austin*, No. 318838 (Mich. Ct. App. May 12, 2015), and on

November 24, 2015, the Michigan Supreme Court denied the petitioner's application for leave to appeal, *People v. Austin*, 498 Mich. 921, 871 N.W.2d 154 (2015).

The petition raises five claims alleging that: (1) the evidence was insufficient to support the jury's verdict; (2) the trial court improperly empaneled an anonymous jury and refused to give a cautionary instruction about that procedure; (3) hearsay testimony by an allegedly unavailable witness was improperly read into the record at trial; (4) the trial court violated the petitioner's due process right to a fair trial by refusing to instruct the jury on the lesser included offense of voluntary manslaughter, where a conviction for that offense could have been supported by a reasonable view of the evidence; and (5) the petitioner's Fifth Amendment right against self-incrimination was violated when his coerced confession was admitted in evidence.

The petitioner alleges that he exhausted his state court remedies on the claims presented in the petition during the course of his direct appeal, but that eight other claims described in his motion to stay were not presented to the state courts, due to the ineffective assistance of his appellate counsel. The petition does not indicate that the petitioner pursued any post-conviction remedies in state court other than his direct appeal. The petitioner now asks the Court to stay and hold his petition in abeyance while he exhausts his state court remedies on the new claims.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete

round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals recently reiterated this point:

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

*Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain

relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on November 21, 2015. That decision became final on February 19, 2016, when the time during which the petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced on the following day, February 20, 2016. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the present petition on September 16, 2016, almost seven months after his conviction became final. His motion to stay indicates that he has not yet filed any motion for relief from judgment as to his new unexhausted claims in the state trial court. Once the state trial court resolves any prospective motion that he may file, the petitioner has 21 days from the date of the state trial court's decision to appeal the trial court's ruling. Mich. Ct. R. 6.509(A), 7.205(A)(1). If the Court does not toll the limitations period during the pendency of the state court proceedings, then the applicable one-year limitations period likely will have expired and any subsequent habeas petition filed by him would be untimely, by the time that the state courts resolve any appeal from the trial court's denial of his second motion for relief from judgment.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his fourth claim. The petitioner alleges that the five claims raised in his original petition have been exhausted, but the eight new claims that he describes in his motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009), and he may assert that he did not previously raise his new claim in the state courts due to the alleged ineffective assistance of his appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies.

### III.

Accordingly, it is **ORDERED** that the petitioner's motion to hold the petition in abeyance [dkt. #3] is **GRANTED**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **fifty-six (56) days** thereafter. If the petitioner returns to federal court with an

amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: September 26, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2016.

                                  s/Susan Pinkowski
                                  SUSAN PINKOWSKI